By the Court :
The statute dispensing with proof in certain cases provides, that upon plea of non est factum offered by the person charged as the obligor, or grantor of a deed, or pica of non assumpsit, or nil debet offered by the person charged as the maker of any promissory note, it shall not be necessary for the plaintiff to prove the execution of the deed or note, upon which such suit is brought, unless the party offering such plea shall make affidavit of the truth thereof.
As this action was brought against the obligor, or maker of the sealed bill, and the plea of non est factum was not accompanied with an affidavit, it was not necessary for the plaintiff to prove the execution of the deed, nor does it appear from the record that such proof was required. The exception taken at the trial was, that proof was- not required of the assignment or handwriting of the assignor. The statute dispenses with proof of the execution of the bill; but it dpes not extend to the assignment. When the bill was first offered, the parties stood on the same ground that they would have occupied if this statute had not been in existence, *and the plaintiff had proved the execution of the bill, but that testimony alone would not entitle him to recover, because it is not only necessary to show the liability of the defendant, but also the title of the plaintiff. The admission, or the proof of the execution of the bill, would establish the first point, but it could not affect the second. The plaintiff was bound to show that the right of action had passed from the obligee to himself, in order to sustain the suit in his own name, which could not be done without proving the assignment, by which the statute passes the interest, together with the right of suing in the name of the assignee.
As the case appeared before the jury, the right of the plaintiff, and the liability of the defendant, stood as they would have done, if no assignment had been made, or, in other words, a debt was proved to be due from the defendant to William Campbell, on which proof Matthew Campbell was permitted to recover.
As the statute did not dispense with proof of the assignment in this case, and as it was incumbent on the plaintiff, not. only to prove the defendant’s liability, but also to show his own title, the judgment must be reversed.
The opinion of the court being for the plaintiff on this part of the assignment, it is unnecessary to consider or decide the other-questions that have been discussed.
Judgment reversed and cause remanded.